Hal Taylor, Esq.
Bar No.: 4399
223 Marsh Ave.
Reno, NV 90509
Tel: (775) 825-2223
haltaylorlawyer@gbis.com
Attorney for Plaintiff

Lindsay F. Osterhout, Esq
Osterhout Berger Disability Law, LLC
521 Cedar Way, Suite 200
Oakmont, PA 15139
Ph.: 412-794-8003
Fax: 412-794-8050
PA Bar ID: 202275
Lindsay@mydisabilityattorney.com
Pro Hac Vice Attorney for Plaintiff
Counsel had complied with LR IA 10-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| EVA COKER, | ) |
|     Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) 3:20-cv-138-WGC |
| ANDREW SAUL, | ) JOINT STIPULATION FOR |
| Commissioner of Social Security, | ) ATTORNEY FEES UNDER |
|     Defendant, | ) THE EAJA |

It is hereby stipulated by and between the parties, through their undersigned counsel, subject to the approval of the Court, that the parties have agreed to a compromise settlement of Plaintiff's request for attorney fees in the amount of Seven Thousand Three Hundred Fifty Dollars ($7,350.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), and no costs under 28 U.S.C. §1920. This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 USC §2412(d).

1

The Court shall order that the awarded attorney fees be made payable to Plaintiff, Eva Coker, and delivered to the business address of Plaintiff's counsel, Lindsay F. Osterhout, Esquire.

EAJA fees awarded by this Court belong to the plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. §3716(c)(3)(B) (2006)). *See Astrue v. Ratliff*, 130 S.CT 2521, 2528-29 (2010). Defendant recognizes that Plaintiff assigned her right to EAJA fees to her attorney. If it is determined upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, Defendant agrees to accept the assignment, and fees will be made payable to Plaintiff's attorney. If there is such a debt, any fee remaining after offset will be payable to Plaintiff.

This stipulation constitutes a compromise settlement of Plaintiff's request for attorney fees under the EAJA, and does not constitute an admission of liability on the part of the Commissioner under the EAJA or otherwise. Payment of the aforementioned attorney fees shall constitute a complete release from and bar to any and all claims Plaintiff, Hal Taylor, and/or Lindsay Osterhout, or any attorney from her firm (Osterhout Berger Disability Law, LLC) may have relating to attorney fees under the EAJA in connection with his action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 USC §406, subject to the provisions of the EAJA.

Respectfully submitted,

Dated: 5/28/2021       */s/ Lindsay F. Osterhout*
                       Lindsay F. Osterhout
                       *Pro Hac Vice* Attorney for Plaintiff

Dated: 5/28/2021       */s/ Hal Taylor*
                       Hal Taylor
                       Local Counsel for Plaintiff

| | | |
|---|---|---|
| Dated: 6/1/2021 | | NICHOLAS A. TRUTANICH<br>United States Attorney<br>District of Nevada<br><br>*/s/ Marcelo Illarmo\**<br>MARCELO ILLARMO<br>Special Assistant United States Attorney<br>Attorneys for Defendant<br>(\*Permission for use of electronic signature obtained via email dated June 1, 2021). |

IT IS SO ORDERED:

William G. Cobb
_____
HON. WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

DATED: June 2, 2021

3